**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS**

Shenzhen Ruisike Industrial Development
Co., Ltd.,

           Plaintiff,

      v.

THE INDIVIDUALS, CORPORATIONS,
LIMITED LIABILITY COMPANIES,
PARTNERSHIPS, and
UNINCORPORATED
ASSOCIATES IDENTIFIED ON
SCHEDULE
"A",

           Defendants.

Case No.: 26-cv-7544

JURY TRIAL DEMAND

**VERIFIED COMPLAINT**

Plaintiff Shenzhen Ruisike Industrial Development Co., Ltd. ("Plaintiff"), by and through

its undersigned counsel, brings this action against the individuals, corporations, limited liability

companies, partnerships, and unincorporated associations identified in the attached Schedule A

(collectively, "Defendants") for infringement of Plaintiff's United States design patent rights.

**THE PARTIES**

1.      Plaintiff brings this action to stop the unlawful advertisement, offer for sale, sale,

and importation of products that infringe Plaintiff's patented design for a connector for

automobile. Plaintiff sells a commercial embodiment of the patented design through

Amazon.com, including an AFM/DFM disabler product sold under the ROPODE brand and/or

through the SINAILA Amazon storefront. Defendants operate e-commerce storefronts through

multiple online marketplaces, including Amazon, Walmart, eBay, AliExpress, and TikTok Shop,

and use those storefronts to advertise, offer for sale, and sell unauthorized products ("Unauthorized Products") that embody the ornamental design protected by Plaintiff's United States Design Patent No. D1,068,623 S.

2. Defendants' Unauthorized Products are offered under online marketplace listings directed to consumers in the United States, including consumers in Illinois. Defendants' listings display AFM or DFM disabler devices, active fuel management delete devices, OBD2 plug-in automotive control devices, and related automotive connector products that copy or are substantially similar to the ornamental design claimed in Plaintiff's design patent.

3. Defendants appear to use common or highly similar marketplace-facing product titles, product images, listing formats, keywords, product identifiers, seller aliases, brand or company identifiers, and product variations to advertise and sell the same or substantially similar Unauthorized Products across multiple online marketplaces.

4. Defendants exploit the anonymity, reach, and speed of online marketplaces to distribute infringing products while obscuring their true identities and the full scope of their operations. Plaintiff files this action to protect its design patent rights, prevent further unauthorized use of its patented design, and stop Defendants from causing continued harm to Plaintiff's market position, goodwill, and exclusive patent rights.

5. Plaintiff Shenzhen Ruisike Industrial Development Co., Ltd. is a Chinese limited company with its principal place of business in Shenzhen, Guangdong, China. Plaintiff is an online marketplace seller and sells products to consumers in the United States through Amazon.com, including the ROPODE-branded AFM/DFM disabler product identified by ASIN B0CTJNM7XQ and sold through the SINAILA Amazon storefront.

6. Plaintiff owns all right, title, and interest in U.S. Design Patent No. D1,068,623 S (the "'623 Patent"), entitled "Connector for Automobile." A true and correct copy of the '623 Patent is attached hereto as Exhibit A.

7. The '623 Patent issued on April 1, 2025. See Exhibit A.

8. The '623 Patent has been, and remains, valid and enforceable at all times relevant to this action. Pursuant to 35 U.S.C. § 282, the '623 Patent is presumed valid. Plaintiff has provided public notice of its patent rights by identifying U.S. Design Patent No. D1,068,623 S in Plaintiff's Amazon product listing images and commercial marketing materials for Plaintiff's AFM/DFM disabler product.

9. The '623 Patent claims "The ornamental design for a connector for automobile, as shown and described."

10. The patented design is directed to the overall ornamental appearance of a connector for automobile, as shown and described in the figures of the '623 Patent. The claimed design is defined by the visual impression created by the design as a whole, including the configuration, contour, proportion, and arrangement of the ornamental features depicted in the patent drawings, and not by any individual feature viewed in isolation.

11. Representative images of Plaintiff's commercial product embodying the claimed design are shown below:



| Product Image 1 | Product Image 2 | Product Image 3 |

12. On information and belief, Defendants operate one or more e-commerce stores under the seller names, company names, seller identifiers, product identifiers, and marketplace listings identified in the attached Schedule A. Defendants employ online marketplace storefronts to advertise, offer for sale, and sell Unauthorized Products that infringe Plaintiff's patented design.

13. Plaintiff will amend this Complaint as necessary if additional identifying information concerning Defendants becomes available.

## JURISDICTION AND VENUE

14. This Court has original subject matter jurisdiction over Plaintiff's claims pursuant to the Patent Act, 35 U.S.C. § 1 et seq., 28 U.S.C. § 1338(a), and 28 U.S.C. § 1331.

15. This Court has personal jurisdiction over Defendants because Defendants have purposefully directed business activities toward the United States and this Judicial District by operating fully interactive e-commerce storefronts that are accessible to Illinois residents, offer products for sale to Illinois residents, accept payment from U.S. consumers, and offer shipping to the United States, including Illinois.

16. On information and belief, Defendants have advertised, offered for sale, sold, and/or imported Unauthorized Products into the United States, including into this Judicial District.

17. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1391(b), 1391(c), and 1391(c)(3) because one or more Defendants are foreign defendants not residing in any judicial district within the United States and because Defendants have purposefully directed commercial activities toward this District through interactive online storefronts offering accused products for sale to consumers in Illinois.

18.     The claims against Defendants involve common questions of law and fact, including ownership and validity of the '623 Patent, the scope of the claimed ornamental design, Defendants' use of online marketplace storefronts to offer substantially similar accused automotive connector products, and whether the accused products are substantially the same as the patented design under the ordinary observer test.

## DEFENDANTS' UNLAWFUL CONDUCT

19.     Plaintiff discovered that Defendants were advertising, offering for sale, and selling Unauthorized Products through online marketplace storefronts.

20.     Defendants' storefronts and product listings are identified in Schedule A. Schedule A includes, among other information, the relevant online marketplace platform, Defendants' seller names, company or brand identifiers where available, seller store identifiers, product identifiers, and product listing links.

21.     The accused listings include related versions of the same or substantially similar accused automotive connector products, including AFM or DFM disabler devices, active fuel management delete devices, OBD2 plug-in devices, and related automotive products for GM vehicles. Regardless of the internal electronics, functionality, or intended use of the products, the accused products share the same or substantially similar ornamental connector design and overall visual appearance claimed in the '623 Patent. Although certain accused products may be listed under different product identifiers or may be offered through different online marketplaces, they share the same or substantially similar ornamental design features and overall visual impression.

22.     The accused listings further appear to use the same or substantially similar marketplace-facing product branding, product titles, product descriptions, keywords, product presentation, and listing structure, supporting the inference that the accused products are part of

the same product line or closely related infringing product family. On information and belief, many of the accused products are identical or substantially identical products embodying the same accused design and are marketed through related storefronts, seller accounts, or distribution channels.

23. Defendants' Unauthorized Products embody the overall ornamental design claimed in the '623 Patent, and create substantially the same overall visual impression as the patented design when viewed by an ordinary observer giving such attention as a purchaser usually gives. The accused products include the same or substantially similar overall configuration, shape, contour, surface ornamentation, and visual appearance depicted in the drawings of the '623 Patent.

24. True and correct copies of screenshots and evidence showing Defendants' accused online marketplace listings are attached hereto as Exhibit B.

25. On information and belief, Defendants have advertised, offered for sale, sold, and/or imported Unauthorized Products into the United States without authorization from Plaintiff.

26. Plaintiff has not authorized, licensed, or otherwise permitted Defendants to make, use, offer for sale, sell, or import any products embodying the ornamental design claimed in the '623 Patent.

27. Defendants' accused products are substantially the same as the patented design in the eyes of an ordinary observer, giving such attention as a purchaser usually gives, and therefore infringe the '623 Patent.

28. On information and belief, Defendants' infringing activities are ongoing and will continue unless enjoined by this Court.

29. Defendants' activities have caused and will continue to cause Plaintiff irreparable harm, including loss of market share, erosion of Plaintiff's exclusive patent rights, price erosion, damage to goodwill, and loss of control over the patented design.

30. Defendants' use of multiple online marketplace platforms, product identifiers, seller aliases, company identifiers, marketplace listings, and replacement listings further demonstrates the need for injunctive relief covering not only the specific identified listings, but also all substantially similar products, color variations, model variations, replacement listings, and successor listings through which Defendants continue to offer the same or substantially similar infringing designs. Absent such relief, Defendants may evade enforcement efforts by migrating infringing products to new listings, storefronts, or marketplace accounts while continuing to sell products embodying the accused design.

31. On information and belief, Defendants can quickly remove, alter, or replace online listings after receiving notice of enforcement activity. Defendants can also transfer funds, redirect sales, create new listings, or use related storefronts or related marketplace accounts to continue selling infringing products.

32. Unless restrained by this Court, Defendants are likely to continue infringing the '623 Patent through the identified listings and through additional listings or variations that embody the same or substantially similar ornamental design.

## COUNT I
## DESIGN PATENT INFRINGEMENT OF U.S. DESIGN PATENT NO. D1,068,623 S
### 35 U.S.C. § 271

33. Plaintiff re-alleges and incorporates by reference the allegations set forth in Paragraphs 1 through 32 as if fully set forth herein.

34. Defendants have infringed and continue to infringe the '623 Patent by making, using, offering to sell, selling, and/or importing into the United States products that embody the patented design or a design substantially the same as the patented design, in violation of 35 U.S.C. § 271.

35. Defendants' Unauthorized Products are substantially the same as the design claimed in the '623 Patent under the ordinary observer test.

36. Representative examples of Defendants' infringing products and listings are shown in Exhibit B.

37. Defendants' infringement has caused and continues to cause Plaintiff harm, including monetary damages, lost sales, loss of market share, price erosion, damage to goodwill, and loss of control over Plaintiff's patented design.

38. Plaintiff is entitled to recover damages adequate to compensate for Defendants' infringement under 35 U.S.C. § 284.

39. Plaintiff is also entitled to recover Defendants' total profits from the sale of articles of manufacture bearing the patented design or any colorable imitation thereof pursuant to 35 U.S.C. § 289.

40. On information and belief, Defendants' infringement has been willful, deliberate, and intentional. Plaintiff has publicly identified and promoted its patent rights, including by identifying U.S. Design Patent No. D1,068,623 S in product listing images and marketing materials associated with Plaintiff's commercial embodiment of the patented design. Despite such notice, and despite the public availability of the '623 Patent, Defendants have continued to advertise, offer for sale, sell, and/or import products embodying the patented design.

Accordingly, Plaintiff is entitled to seek enhanced damages under 35 U.S.C. § 284 and a finding that this case is exceptional under 35 U.S.C. § 285.

41. Plaintiff is entitled to preliminary and permanent injunctive relief under 35 U.S.C. § 283 to prevent Defendants and all persons acting in concert with them from continuing to infringe the '623 Patent.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that judgment be entered in its favor and against Defendants as follows:

A. That Defendants be found to have infringed U.S. Design Patent No. D1,068,623 S;

B. That Defendants, their officers, agents, servants, employees, attorneys, confederates, affiliates, and all persons acting in active concert or participation with them be temporarily, preliminarily, and permanently enjoined and restrained from making, using, offering for sale, selling, and/or importing into the United States any products that infringe U.S. Design Patent No. D1,068,623 S;

C. That Defendants, their officers, agents, servants, employees, attorneys, confederates, affiliates, and all persons acting in active concert or participation with them be temporarily, preliminarily, and permanently enjoined and restrained from aiding, abetting, contributing to, or otherwise assisting anyone in infringing U.S. Design Patent No. D1,068,623 S;

D. That, upon Plaintiff's request, all persons and entities with notice of the injunction, including without limitation Amazon, Walmart, eBay, AliExpress, TikTok Shop, other online marketplace platforms, payment processors, web hosts, domain name registries, domain name registrars, and other service providers be ordered to disable and cease displaying any advertisements, listings, product pages, storefront pages, or links associated with Defendants'

infringing products, including all substantially similar products, color variations, model variations, replacement listings, and successor listings that infringe U.S. Design Patent No. D1,068,623 S;

E.      That Plaintiff be awarded damages adequate to compensate for Defendants' infringement pursuant to 35 U.S.C. § 284, together with interest and costs;

F.      That Plaintiff be awarded Defendants' total profits pursuant to 35 U.S.C. § 289;

G.      That Plaintiff be awarded enhanced damages for willful infringement pursuant to 35 U.S.C. § 284;

H.      That this case be declared exceptional under 35 U.S.C. § 285;

I.      That Plaintiff be awarded its reasonable attorneys' fees and costs; and

J.      That Plaintiff be awarded such other and further relief as this Court deems just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.

Dated: June 29, 2026

Respectfully Submitted,

/s/ Alexander Warden
Alexander.warden@walflaw.com
West Atlantic Law Firm, PLLC
104 West 40th Street, Suite 400
New York, NY 10018
*Attorney for Plaintiff,*
*Shenzhen Ruisike Industrial Development Co.,*
*Ltd.*

**VERIFICATION**

I, Xianming Peng, am the CEO of Shenzhen Ruisike Industrial Development Co., Ltd. I have read the foregoing Complaint and know the contents thereof. The matters stated in it are true to my own knowledge, except as to those matters stated on information and belief, and as to those matters I believe them to be true. I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed on _____June 24_____, 2026, at _____Shenzhen_____

By: ____Xianming Peng_____

Name: _____Xianming Peng_____

Title: _____CEO_____

Shenzhen Ruisike Industrial Development Co., Ltd.