**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| Shenzhen Ruisike Industrial Development Co., Ltd., <br><br><br> Plaintiff, <br><br> v. <br><br> THE INDIVIDUALS, CORPORATIONS, LIMITED LIABILITY COMPANIES, PARTNERSHIPS, and UNINCORPORATED ASSOCIATES IDENTIFIED ON SCHEDULE "A", <br><br> Defendants. | Case No.: 26-cv-7544 |

**EX PARTE MEMORANDUM IN SUPPORT OF PLAINTIFF'S EX PARTE MOTION FOR ENTRY OF A TEMPORARY RESTRAINING ORDER, INCLUDING A TEMPORARY INJUNCTION, TEMPORARY ASSET RESTRAINT, AND EXPEDITED DISCOVERY**

## I.     INTRODUCTION

Plaintiff Shenzhen Ruisike Industrial Development Co., Ltd. ("Plaintiff") respectfully submits this memorandum in support of its Ex Parte Motion for Entry of a Temporary Restraining Order, including a temporary injunction, temporary asset restraint, and expedited discovery. Plaintiff seeks narrowly tailored relief to halt Defendants' ongoing infringement of U.S. Design Patent No. D1,068,623 S (the "'623 Patent").

This is a design patent enforcement action involving accused AFM/DFM disabler connector products sold through online marketplace storefronts identified in Schedule A to the Verified Complaint. Plaintiff does not seek broad relief against lawful products or unrelated accounts. The requested relief is limited to accused products that infringe the '623 Patent,

1

colorable imitations of the patented design, evidence relating to those products, and funds traceable to or reasonably associated with sales of the accused products.

Plaintiff has made a specific preliminary showing of Illinois-directed conduct. Plaintiff's investigation, including the Illinois test-purchase evidence submitted as Exhibit C, confirmed that at least two Defendants accepted orders from, sold accused products to, and shipped accused products to addresses in Illinois, including this Judicial District.

Immediate ex parte relief is necessary because Defendants operate through online marketplace storefronts and seller aliases that can be changed, removed, or replaced quickly. If Defendants receive advance notice before temporary relief is entered, they can remove accused listings, alter storefront information, conceal identifying evidence, transfer proceeds, or redirect sales through replacement accounts. The requested temporary relief is necessary to preserve the status quo and the Court's ability to provide effective relief.

## II. STATEMENT OF FACTS

### A. Plaintiff, the Asserted Design Patent, and Plaintiff's Commercial Product

Plaintiff is a Chinese limited company with its principal place of business in Shenzhen, Guangdong, China. Plaintiff is an online marketplace seller and sells products to consumers in the United States through Amazon.com, including a ROPODE-branded AFM/DFM disabler product identified by ASIN B0CTJNM7XQ and sold through the SINAILA Amazon storefront. See Verified Complaint ("Compl.") ¶ 5.

Plaintiff owns all right, title, and interest in the '623 Patent, entitled "Connector for Automobile." See Compl. ¶ 6 and Ex. A. The '623 Patent issued on April 1, 2025. Id. ¶ 7. The '623 Patent is presumed valid under 35 U.S.C. § 282. Id. ¶ 8.

2

The '623 Patent claims "[t]he ornamental design for a connector for automobile, as shown and described." See Compl. ¶ 9. The claimed design is directed to the overall ornamental appearance of the connector, including the visual impression created by the configuration, contour, proportion, and arrangement of features shown in the patent drawings. See Compl. ¶ 10.

Plaintiff has publicly identified and promoted its patent rights by identifying U.S. Design Patent No. D1,068,623 S in product listing images and commercial marketing materials associated with Plaintiff's AFM/DFM disabler product. See Compl. ¶ 8.

**B. Defendants' Online Storefronts, Accused Products, and Illinois Transactions**

Plaintiff monitors online marketplaces for infringement and discovered that Defendants were advertising, offering for sale, selling, and importing unauthorized AFM/DFM disabler connector products through online marketplace storefronts. See Compl. ¶¶ 20-26.

Defendants' storefronts and product listings are identified in Schedule A. Schedule A identifies, among other things, the marketplace platform, seller names, seller store identifiers, product identifiers, and product listing links. See Compl. ¶ 20.

The accused listings include AFM/DFM disabler devices, active fuel management delete devices, OBD2 plug-in devices, and related automotive connector products for GM vehicles. Regardless of internal electronics, functionality, or intended use, the accused products share the same or substantially similar ornamental connector design and overall visual appearance claimed in the '623 Patent. See Compl. ¶ 22.

Plaintiff's investigation, including the Illinois test-purchase evidence submitted as Exhibit C, confirmed that at least two Defendants accepted orders from, sold accused products to, and shipped accused products to addresses in Illinois, including this Judicial District.

3

Defendants operate under online seller aliases and marketplace accounts that may be changed or replaced quickly. If Defendants receive notice before temporary relief is entered, they can remove listings, alter storefronts, transfer proceeds, conceal account information, or redirect sales through replacement accounts.

## III.  LEGAL STANDARD

The Patent Act authorizes federal courts to grant injunctions "in accordance with the principles of equity to prevent the violation of any right secured by patent." 35 U.S.C. § 283.

A temporary restraining order is evaluated under the same general standard as a preliminary injunction. *Long v. Bd. of Educ.*, 167 F. Supp. 2d 988, 990 (N.D. Ill. 2001). To obtain temporary injunctive relief, a plaintiff must show: (1) a likelihood of success on the merits; (2) a likelihood of irreparable harm absent relief; (3) that the balance of equities favors the plaintiff; and (4) that the public interest supports relief. *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008); *Titan Tire Corp. v. Case New Holland, Inc.*, 566 F.3d 1372, 1375-76 (Fed. Cir. 2009).

For design patent infringement, likelihood of success is assessed under the ordinary observer test. *Egyptian Goddess, Inc. v. Swisa, Inc.*, 543 F.3d 665, 670, 678 (Fed. Cir. 2008). Under that test, infringement exists if, in the eye of an ordinary observer giving such attention as a purchaser usually gives, the accused design and the claimed design are substantially the same. *Gorham Co. v. White*, 81 U.S. 511, 528 (1871).

An issued patent is presumed valid. 35 U.S.C. § 282. At the preliminary injunction stage, a patentee must show that the asserted patent is likely valid and likely infringed, but the statutory presumption of validity remains part of the analysis, particularly where no defendant has appeared to raise a validity challenge. *Titan Tire*, 566 F.3d at 1376-77.

4

A temporary restraining order issued without notice must comply with Rule 65(b), including a showing of immediate and irreparable injury and counsel's written certification of any efforts made to give notice and the reasons why notice should not be required before relief is entered. Fed. R. Civ. P. 65(b)(1)(A)-(B).

## IV.    ARGUMENT

### A. Plaintiff Has Made a Sufficient Preliminary Showing of Jurisdiction and Illinois-Directed Conduct

The Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a) because this action arises under the Patent Act, 35 U.S.C. § 1 et seq.

Plaintiff has also made a sufficient preliminary showing that Defendants purposefully directed commercial conduct toward this District. Defendants operate interactive online marketplace storefronts that offer accused products to U.S. consumers, including Illinois consumers. More importantly, Plaintiff's investigation, including the Illinois test-purchase evidence submitted as Exhibit C, confirmed completed Illinois transactions: at least two Defendants accepted orders from, sold accused products to, and shipped accused products to addresses in Illinois, including this Judicial District.

The Seventh Circuit has recognized that, in Schedule A litigation, the operation of an online store accessible in the forum combined with completed sales in the forum can support personal jurisdiction. *NBA Props., Inc. v. HANWJH*, 46 F.4th 614, 623-27 (7th Cir. 2022). The Seventh Circuit has also cautioned that merely operating a website accessible in the forum, even a highly interactive website capable of accepting orders, is not enough by itself. *Curry v. Revolution Lab'ys, LLC*, 949 F.3d 385, 400 (7th Cir. 2020); *Liu v. Monthly*, No. 25-2074 (7th Cir. Mar. 31, 2026).

Plaintiff's showing is tailored to that standard. As reflected in Exhibit C, at least two Defendants accepted orders from, sold accused products to, and shipped accused products to addresses in Illinois, including this Judicial District. This showing is sufficient at the temporary restraining order stage and is without prejudice to any Defendant's right to appear and challenge jurisdiction.

B. **Plaintiff Is Likely to Succeed on the Merits**

Plaintiff is likely to succeed on its design patent infringement claim. Plaintiff owns the '623 Patent, which issued on April 1, 2025, and is presumed valid under 35 U.S.C. § 282. See Compl. ¶¶ 6-8 and Ex. A.

Defendants' accused products embody the same or substantially similar overall ornamental connector design claimed in the '623 Patent. The accused products create substantially the same overall visual impression as the claimed design when viewed by an ordinary observer giving such attention as a purchaser usually gives. See Compl. ¶¶ 22-28; Ex. B.

The similarities are not limited to isolated features. The accused products share the same or substantially similar overall compact automotive connector configuration, comparable body proportions, similar connector-plug layout, similar surface appearance, and the same commercial presentation as AFM/DFM disabler connector devices. The record submitted with Plaintiff's Motion shows that the accused products are substantially the same as the claimed design as a whole. Because Defendants have not appeared and have not raised any validity challenge, the statutory presumption of validity supports Plaintiff's likelihood of success on validity at this stage. *Titan Tire*, 566 F.3d at 1377.

6

C. **Plaintiff Will Suffer Irreparable Harm Absent Immediate Relief**

Plaintiff will suffer immediate and irreparable harm absent temporary relief. Defendants' ongoing sales erode Plaintiff's exclusive patent rights, divert customers, reduce online visibility, damage goodwill, and impair Plaintiff's ability to control the market for products embodying the patented design.

The patent right to exclude remains an important equitable consideration. Although that right does not create an automatic presumption of irreparable harm, courts continue to weigh the loss of exclusivity in the equitable analysis. *eBay Inc. v. MercExchange*, LLC, 547 U.S. 388 (2006).

Plaintiff and Defendants compete through the same online marketplaces. Consumers searching for AFM/DFM disabler connector products may encounter Defendants' accused listings alongside or in place of Plaintiff's product. Each infringing sale risks a lost sale for Plaintiff and may reduce Plaintiff's rankings, reviews, conversion rate, and platform visibility. Courts recognize that lost market share, price erosion, damaged customer relationships, and loss of goodwill can support irreparable harm. *Celsis In Vitro, Inc. v. CellzDirect, Inc*., 664 F.3d 922, 930-31 (Fed. Cir. 2012).

Monetary relief alone is uncertain and inadequate at this stage. Defendants appear to be foreign or anonymous sellers using marketplace accounts that obscure their identities and financial information. If no temporary relief is entered, Defendants may remove listings, change storefronts, transfer proceeds, or move funds outside the United States before Plaintiff can obtain meaningful discovery or final relief.

7

D. **The Balance of Harms Favors Plaintiff**

The balance of harms favors Plaintiff. Plaintiff faces continuing infringement, loss of market share, damage to goodwill, and erosion of its patent rights if relief is denied. By contrast, Defendants have no legitimate interest in continuing to sell products that infringe Plaintiff's design patent.

The requested injunction is tailored to accused products and colorable imitations of the patented design. It does not prevent Defendants from selling lawful, non-infringing products. Any harm Defendants may claim from being required to stop infringing conduct is not a cognizable hardship that outweighs Plaintiff's injuries.

E. **The Public Interest Supports Temporary Injunctive Relief**

The public interest supports protecting valid patent rights, encouraging innovation, and preventing unfair competition. See *PPG Indus., Inc. v. Guardian Indus. Corp.*, 75 F.3d 1558, 1567 (Fed. Cir. 1996). The requested relief will not remove lawful products from the marketplace. It will restrain only products that infringe the '623 Patent or colorable imitations thereof. The public interest is served by enforcing patent rights and discouraging anonymous marketplace sellers from copying patented designs.

F. **Ex Parte Relief Is Appropriate Under Rule 65(b)**

Rule 65(b) permits a temporary restraining order without notice where specific facts show that immediate and irreparable injury, loss, or damage will result before the adverse party can be heard and counsel certifies the reasons why notice should not be required. Fed. R. Civ. P. 65(b)(1)(A)-(B).

Those requirements are satisfied here. Defendants operate through online marketplace storefronts and seller aliases. Advance notice would likely allow Defendants to remove or alter

accused listings, conceal identifying information, destroy or conceal relevant evidence, transfer funds, or redirect sales through replacement accounts before the Court can provide effective relief.

Plaintiff's counsel has certified the reasons notice should not be required before temporary relief is entered. Plaintiff also requests that the Court set a prompt schedule for notice and any preliminary injunction proceedings consistent with Rule 65.

## V.     THE REQUESTED EQUITABLE RELIEF IS APPROPRIATE

### A.  A Temporary Injunction Against Further Infringement Is Appropriate

Plaintiff requests a temporary restraining order requiring Defendants to cease making, using, importing, offering for sale, selling, advertising, promoting, shipping, distributing, or otherwise dealing in the Unauthorized Products and any colorable imitations of the design claimed in the '623 Patent. This relief is necessary to stop ongoing infringement and preserve the status quo.

The requested injunction is limited to infringing products, accused listings, and colorable imitations of the patented design. It does not extend to unrelated lawful products or accounts. This limitation is appropriate in the current Schedule A environment and ensures that the requested relief remains tailored to the alleged design patent infringement.

### B.  A Limited Temporary Asset Restraint Is Appropriate

Plaintiff seeks a limited temporary restraint on accounts and funds traceable to, derived from, or reasonably associated with sales of the accused products. The requested restraint is not a general freeze of all unrelated assets. It is designed to preserve proceeds connected to the accused product sales and to prevent Defendants from frustrating the Court's ability to grant effective relief, including recovery of Defendants' profits under 35 U.S.C. § 289.

The risk of dissipation is substantial. Defendants appear to be foreign or anonymous online sellers using marketplace accounts and payment processors. If funds associated with the accused product sales are not restrained, Defendants may transfer proceeds offshore or otherwise place those proceeds beyond the Court's reach before Plaintiff can identify their true names, locations, and financial accounts.

Plaintiff requests that any asset restraint be tailored to accused listings and accused product sales. Plaintiff further requests that affected Defendants or third parties be permitted to move to modify the restraint if appropriate. To the extent the Court determines that an asset restraint should be narrowed or deferred, Plaintiff respectfully requests that the Court still enter the temporary injunction and expedited discovery necessary to stop ongoing infringement and preserve evidence.

## C. Plaintiff Is Entitled to Expedited Discovery

Good cause exists for expedited discovery under Federal Rule of Civil Procedure 26(d)(1). Plaintiff seeks discovery necessary to identify Defendants, determine the scope of their infringing operations, locate accounts and funds associated with accused sales, preserve evidence, and effectuate the Court's temporary relief.

The proposed discovery is narrowly tailored to Defendants, marketplace platforms, payment processors, merchant account providers, and other service providers with information about Defendants' identities, storefronts, accused listings, sales, payment accounts, and funds related to the accused products. Without expedited discovery, Defendants may conceal their identities and transfer proceeds before ordinary discovery becomes available.

## VI.     A MODEST BOND IS APPROPRIATE

Under Rule 65(c), the Court may require security in an amount it considers proper. Fed. R. Civ. P. 65(c). Plaintiff respectfully requests that any bond be set at no more than $5,000. A modest bond is appropriate because the requested relief is narrowly tailored to accused products and funds associated with accused sales. Defendants have no legitimate interest in continuing infringing activity, and any Defendant or affected third party may move to modify the relief if it believes the restraint is overbroad.

### CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court grant its Ex Parte Motion for Entry of a Temporary Restraining Order, including a temporary injunction, temporary asset restraint, and expedited discovery.

Dated: June 29, 2026                                     Respectfully Submitted,

                                                         /s/ Alexander Warden
                                                         Alexander.warden@walflaw.com
                                                         West Atlantic Law Firm, PLLC
                                                         104 West 40th Street, Suite 400
                                                         New York, NY 10018
                                                         *Attorney for Plaintiff,*
                                                         *Shenzhen Ruisike Industrial Development Co.,*
                                                         *Ltd.*

11