**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

|  |  |
|---|---|
| SHENZHEN RUISIKE INDUSTRIAL DEVELOPMENT CO., LTD<br><br>*Plaintiff,*<br><br>v.<br><br>THE INDIVIDUALS, CORPORATIONS LIMITED LIABILITY COMPANIES, PARTNERSHIPS, and UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE "A",<br>*Defendant.* | **Case No. 1:26-cv-07544**<br><br>**Judge John F. Kness**<br><br>**Mag. Judge Daniel P. McLaughlin**<br><br>**JURY TRIAL DEMANDED** |

**DEFENDANTS' ANSWER, AFFIRMATIVE DEFENSES,**
**AND COUNTERCLAIMS**

Defendants Huizhou Jinghui Decoration Design Engineering Co., Ltd. d/b/a "Pooperws US" (Schedule A No. 1) and d/b/a "AutoGear Pro" (Schedule A No. 11), and Shenzhen Xuncheng Squirrel Trading Co., Ltd. d/b/a "Squirrel Auto Parts Station" (Schedule A No. 4) (collectively, the "Answering Defendants"), by and through their undersigned counsel, and for their Answer to the Verified Complaint (the "Complaint") of Plaintiff Shenzhen Ruisike Industrial Development Co., Ltd. ("Plaintiff"), respond as follows. Except as expressly admitted below, the Answering Defendants deny each and every allegation of the Complaint. The Answering Defendants answer only on their own behalf and not on behalf of any other defendant identified on Schedule A. Headings in the Complaint are reproduced for reference

1

only and are not admissions; to the extent any heading is deemed an allegation, it is denied.

## ANSWER TO SPECIFIC ALLEGATIONS

### THE PARTIES

1.  *Complaint ¶ 1: Plaintiff brings this action to stop the unlawful advertisement, offer for sale, sale, and importation of products that infringe Plaintiff's patented design for a connector for automobile... Defendants operate e-commerce storefronts through multiple online marketplaces...that embody the ornamental design protected by Plaintiff's United States Design Patent No. D1,068,623S*

**ANSWER:** The Answering Defendants admit that Plaintiff purports to bring an action for design-patent infringement and that each Answering Defendant operates one or more e-commerce online storefronts. The Answering Defendants deny that any of their products is unlawful or infringing, deny that they have infringed any valid and enforceable patent right of Plaintiff, and deny the remaining characterizations in this paragraph. The Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations concerning other defendants and marketplaces on which they do not operate, and on that basis deny them.

2.  *Complaint ¶ 2: Defendants' Unauthorized Products are offered under online marketplace listings directed to consumers in the United States, including*

2

*consumers in Illinois… that copy or are substantially similar to the ornamental design claimed in Plaintiff's design patent.*

**ANSWER:** The Answering Defendants admit that their accused listings are viewable by U.S. consumers and describe active fuel management/dynamic fuel management ("AFM/DFM") disabler devices that plug into a vehicle's OBD-II diagnostic port. The Answering Defendants deny that their products copy or are substantially similar to the design claimed in U.S. Design Patent No. D1,068,623 S (the "'623 Patent"), and deny that the products are "Unauthorized" or infringing. The Answering Defendants deny the remaining allegations of this paragraph.

3.      ***Complaint ¶ 3:*** *Defendants appear to use common or highly similar marketplace-facing product titles, product images, listing formats, keywords, product identifiers, seller aliases, brand or company identifiers, and product variations… across multiple online marketplaces.*

**ANSWER:** Denied. The Answering Defendants deny that they act in concert with, or share listings, images, or identifiers with, any other defendant. The Answering Defendants further deny that any commonality among listings for a standardized OBD-II AFM/DFM disabler device supports an inference of copying or coordinated conduct. To the extent this paragraph alleges conduct by other defendants, the Answering Defendants lack knowledge or information sufficient to form a belief and on that basis deny it.

**4.** *Complaint ¶ 4: Defendants exploit the anonymity, reach, and speed of online marketplaces to distribute infringing products while obscuring their true identities and the full scope of their operations…*

**ANSWER:** Denied. The Answering Defendants have appeared in this action through counsel and have identified themselves. The Answering Defendants deny that they distribute infringing products, deny that they obscure their identities, and deny each remaining allegation and characterization in this paragraph.

**5.** *Complaint ¶ 5: Plaintiff Shenzhen Ruisike Industrial Development Co., Ltd. is a Chinese limited company with its principal place of business in Shenzhen… sells the ROPODE-branded AFM/DFM disabler product identified by ASIN B0CTJNM7XQ and sold through the SINAILA Amazon storefront.*

**ANSWER:** The Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations concerning Plaintiff's corporate form, place of business, brands, storefront, and sales, and on that basis deny them.

**6.** *Complaint ¶ 6: Plaintiff owns all right, title, and interest in U.S. Design Patent No. D1,068,623 S, entitled "Connector for Automobile." A true and correct copy of the '623 Patent is attached hereto as Exhibit A.*

**ANSWER:** The Answering Defendants admit that a document purporting to be the '623 Patent, entitled "Connector for Automobile" and bearing an issue date of April 1, 2025, is attached to the Complaint as **Exhibit A**, and that the face of that

document identifies the assignee as Shenzhen Ruisike Industrial Development Co., Ltd. The Answering Defendants lack knowledge or information sufficient to form a belief as to whether Plaintiff presently owns all right, title, and interest in the '623 Patent, and on that basis deny that allegation. The Answering Defendants deny that the '623 Patent is valid and enforceable for the reasons set forth in the Affirmative Defenses and Counterclaims below.

7.     **Complaint ¶ 7:** *The '623 Patent issued on April 1, 2025.*

**ANSWER:** Admitted that the face of Exhibit A recites an issue date of April 1, 2025.

8.     **Complaint ¶ 8:** *The '623 Patent has been, and remains, valid and enforceable…Pursuant to 35 U.S.C. § 282, the '623 Patent is presumed valid. Plaintiff has provided public notice of its patent rights by identifying U.S. Design Patent No. D1,068,623 S in Plaintiff's Amazon product listing images and commercial marketing materials…*

**ANSWER:** The Answering Defendants admit that 35 U.S.C. § 282 provides a statutory presumption of validity, which is a legal conclusion to which no response is required. The Answering Defendants deny that the '623 Patent is in fact valid or enforceable, and specifically deny validity and enforceability for the reasons set forth below, including obviousness under 35 U.S.C. § 103, invalidity under 35 U.S.C. § 171 for lack of ornamentality, and unenforceability for inequitable conduct. The

Answering Defendants lack knowledge or information sufficient to form a belief as to Plaintiff's marking or marketing practices, and on that basis deny those allegations.

9.     *Complaint ¶ 9: The '623 Patent claims "The ornamental design for a connector for automobile, as shown and described."*

**ANSWER:** The Answering Defendants admit that Exhibit A recites a single claim reading "The ornamental design for a connector for automobile, as shown and described," and that the drawings depict certain features in broken lines that, per the patent's own description, form no part of the claimed design. The Answering Defendants deny that the claimed subject matter is properly ornamental to the extent it is dictated by function, as set forth below.

10.     *Complaint ¶ 10: The patented design is directed to the overall ornamental appearance of a connector for automobile… defined by the visual impression created by the design as a whole… and not by any individual feature viewed in isolation.*

**ANSWER:** This paragraph states legal characterizations of the scope of the '623 Patent to which no response is required; to the extent a response is required, the Answering Defendants admit that the proper comparison under the ordinary-observer test considers the design as a whole in light of the prior art, while functional features are given limited or no weight. The Answering Defendants deny any characterization inconsistent with the patent's drawings, the file history, and

6

controlling law, and deny that the claimed design as a whole is entitled to the scope Plaintiff asserts.

11.     *Complaint ¶ 11: Representative images of Plaintiff's commercial product embodying the claimed design are shown below…*

**ANSWER:** The Answering Defendants lack knowledge or information sufficient to form a belief as to whether the depicted images embody the claimed design or accurately represent any product Plaintiff sells, and on that basis deny the allegations of this paragraph.

12.     *Complaint ¶ 12: On information and belief, Defendants operate one or more e-commerce stores under the seller names, company names, seller identifiers, product identifiers, and marketplace listings identified in the attached Schedule A… that infringe Plaintiff's patented design.*

**ANSWER:** The Answering Defendants admit only that they operate the storefronts corresponding to their own entries on Schedule A (Nos. 1, 4, and 11). The Answering Defendants deny that any of their products infringes the '623 Patent and deny the remaining allegations. As to storefronts operated by other defendants, the Answering Defendants lack knowledge or information sufficient to form a belief and on that basis deny the allegations.

13.     *Complaint ¶ 13: Plaintiff will amend this Complaint as necessary if additional identifying information concerning Defendants becomes available.*

**ANSWER:** This paragraph states Plaintiff's intention and requires no response; to the extent a response is required, it is denied that any amendment would establish infringement of a valid, enforceable patent.

## JURISDICTION AND VENUE

14. *Complaint ¶ 14: This Court has original subject matter jurisdiction over Plaintiff's claims pursuant to the Patent Act, 35 U.S.C. § 1 et seq., 28 U.S.C. § 1338(a), and 28 U.S.C. § 1331.*

**ANSWER:** Admitted that this Court has subject-matter jurisdiction over claims arising under the Patent Act. The Answering Defendants deny that Plaintiff states a meritorious claim.

15. *Complaint ¶ 15: This Court has personal jurisdiction over Defendants because Defendants have purposefully directed business activities toward the United States and this Judicial District and this Judicial District by operating fully interactive e-commerce storefronts that are accessible to Illinois residents, offer products for sale to Illinois residents, accept payment from U.S. consumers, and offer shipping to the United States, including Illinois*

**ANSWER:** For purposes of this action only, and without waiving any defense in the event of severance or as to any other defendant, the Answering Defendants do not presently contest personal jurisdiction. The Answering Defendants deny any allegation that they directed infringing conduct at this District, and deny the remaining characterizations of this paragraph.

8

**16.** *Complaint ¶ 16: On information and belief, Defendants have advertised, offered for sale, sold, and/or imported Unauthorized Products into the United States, including into this Judicial District.*

**ANSWER:** The Answering Defendants admit that they have offered for sale and sold AFM/DFM disabler devices to U.S. consumers. The Answering Defendants deny that any such product is an "Unauthorized Product" or infringes the '623 Patent, and deny the remaining allegations.

**17.** *Complaint ¶ 17: Venue is proper in this Court pursuant to 28 U.S.C. §§ 1391(b), 1391(c), and 1391(c)(3) because one or more Defendants are foreign defendants not residing in any judicial district within the United States and because Defendants have purposefully directed commercial activities toward this District through interactive online storefronts offering accused products for sale to consumers in Illinois.*

**ANSWER:** For purposes of this action only, the Answering Defendants do not presently contest venue. The Answering Defendants deny the remaining characterizations of this paragraph.

**18.** *Complaint ¶ 18: The claims against Defendants involve common questions of law and fact… and whether the accused products are substantially the same as the patented design under the ordinary observer test.*

**ANSWER:** The Answering Defendants deny that they are properly joined with other defendants and deny that the claims share common questions of fact sufficient

to support joinder, given that each defendant's listing, products, sales, and conduct are separate and distinct. The Answering Defendants admit that validity and claim scope of the '623 Patent present common legal questions. The Answering Defendants deny that their products are substantially the same as the claimed design under the ordinary-observer test.

## DEFENDANTS' UNLAWFUL CONDUCT

19. ***Complaint ¶ 19:*** *Plaintiff discovered that Defendants were advertising, offering for sale, and selling Unauthorized Products through online marketplace storefronts.*

**ANSWER:** The Answering Defendants admit that they advertise, offer for sale, and sell AFM/DFM disabler devices through their storefronts, and deny that any such product is "Unauthorized" or infringing. The remaining allegations are denied.

20. ***Complaint ¶ 20:*** *Defendants' storefronts and product listings are identified in Schedule A…*

**ANSWER:** The Answering Defendants admit that Schedule A purports to identify certain seller names, store identifiers, and product identifiers. The Answering Defendants admit the accuracy only of the entries corresponding to their own storefronts (Nos. 1, 4, and 11) and lack knowledge or information sufficient to form a belief as to the remaining entries, which are therefore denied.

21.    *Complaint ¶ 21: The accused listings include… AFM or DFM disabler devices, active fuel management delete devices, OBD2 plug-in devices… for GM vehicles. Regardless of the internal electronics, functionality, or intended use of the products, the accused products share the same or substantially similar ornamental connector design and overall visual appearance claimed in the '623 Patent…*

**ANSWER:** The Answering Defendants admit that their accused products are AFM/DFM disabler devices that plug into the OBD-II diagnostic port of GM vehicles. The Answering Defendants deny that their products share the same or substantially similar ornamental design or overall visual appearance as the '623 Patent. The Answering Defendants specifically deny the premise that appearance is irrelevant to "internal electronics, functionality, or intended use": to the extent the accused connector geometry is shared, it is dictated by the standardized OBD-II / SAE J1962 interface and the mating requirements of GM vehicles, and is therefore functional and entitled to little or no weight in the infringement analysis. The remaining allegations are denied.

22.    *Complaint ¶ 22: The accused listings further appear to use the same or substantially similar marketplace-facing product branding, product titles, product descriptions, keywords, product presentation, and listing structure… the same product line or closely related infringing product family…*

**ANSWER:** Denied. The Answering Defendants deny that their listings, branding, or presentation are shared with, or coordinated with, any other defendant, and deny that they are part of a common "product family." Any similarity in

descriptive keywords reflects the generic, functional nature of an OBD-II AFM/DFM disabler and does not support an inference of copying or concerted action. The Answering Defendants lack knowledge or information sufficient to form a belief as to listings operated by other defendants and on that basis deny those allegations.

23. *Complaint ¶ 23: Defendants' Unauthorized Products embody the overall ornamental design claimed in the '623 Patent, and create substantially the same overall visual impression… when viewed by an ordinary observer…*

**ANSWER:** Denied. The accused products differ from the claimed design in overall visual impression, including in the shape and proportion of the housing, the surface treatment and ornamentation (e.g., the accused Pooperws device displays a carbon-fiber-patterned top surface, printed graphics, lack of side Grooves and illuminated indicators absent from the claimed design), and other features. An ordinary observer familiar with the prior art would not find the accused products substantially the same as the claimed design.

  

24.    *Complaint ¶ 24: True and correct copies of screenshots and evidence showing Defendants' accused online marketplace listings are attached hereto as Exhibit B.*

**ANSWER:** The Answering Defendants lack knowledge or information sufficient to form a belief as to the completeness or accuracy of Exhibit B, which is filed under and on that basis deny the allegations. The Answering Defendants deny that any listing depicted therein infringes the '623 Patent.

25.    *Complaint ¶ 25: On information and belief, Defendants have advertised, offered for sale, sold, and/or imported Unauthorized Products into the United States without authorization from Plaintiff.*

**ANSWER:** The Answering Defendants admit that they have sold AFM/DFM disabler devices to U.S. consumers without any license from Plaintiff and deny that any license was required, because the products do not infringe any valid, enforceable claim. The characterization of the products as "Unauthorized" is denied.

26.    *Complaint ¶ 26: Plaintiff has not authorized, licensed, or otherwise permitted Defendants to make, use, offer for sale, sell, or import any products embodying the ornamental design claimed in the '623 Patent.*

**ANSWER:** Admitted that Plaintiff has not licensed the Answering Defendants; denied that the Answering Defendants' products embody the claimed design or that any authorization was required.

13

27.     *Complaint ¶ 27: Defendants' accused products are substantially the same as the patented design in the eyes of an ordinary observer… and therefore infringe the '623 Patent.*

**ANSWER:** Denied.

28.     *Complaint ¶ 28: On information and belief, Defendants' infringing activities are ongoing and will continue unless enjoined by this Court.*

**ANSWER:** Denied that any activity of the Answering Defendants is infringing. The Answering Defendants admit that they continue to sell non-infringing AFM/DFM disabler devices and deny that any injunction is warranted.

## COUNT I

### DESIGN PATENT INFRINGEMENT OF U.S. DESIGN PATENT NO. D1,068,623 S (35 U.S.C. § 271)

33.     *Complaint ¶ 33: Plaintiff re-alleges and incorporates by reference the allegations set forth in Paragraphs 1 through 32…*

**ANSWER:** The Answering Defendants incorporate their responses to Paragraphs 1 through 32 as if fully set forth herein.

34.     *Complaint ¶ 34: Defendants have infringed and continue to infringe the '623 Patent by making, using, offering to sell, selling, and/or importing… products that embody the patented design or a design substantially the same…*

**ANSWER:** Denied.

14

35. *Complaint ¶ 35: Defendants' Unauthorized Products are substantially the same as the design claimed in the '623 Patent under the ordinary observer test.*

**ANSWER:** Denied.

36. *Complaint ¶ 36: Representative examples of Defendants' infringing products and listings are shown in Exhibit B.*

**ANSWER:** The Answering Defendants deny that any product shown in Exhibit B infringes, and otherwise repeat their response to Paragraph 24.

37. *Complaint ¶ 37: Defendants' infringement has caused and continues to cause Plaintiff harm, including monetary damages, lost sales, loss of market share, price erosion, damage to goodwill, and loss of control over Plaintiff's patented design.*

**ANSWER:** Denied. The Answering Defendants deny that they have infringed and deny that Plaintiff has suffered any cognizable harm attributable to the Answering Defendants.

38. *Complaint ¶ 38: Plaintiff is entitled to recover damages adequate to compensate for Defendants' infringement under 35 U.S.C. § 284.*

**ANSWER:** Denied.

39. *Complaint ¶ 39: Plaintiff is also entitled to recover Defendants' total profits… pursuant to 35 U.S.C. § 289.*

**ANSWER:** Denied.

15

40.     *Complaint ¶ 40: On information and belief, Defendants' infringement has been willful, deliberate, and intentional. Plaintiff has publicly identified and promoted its patent rights, including by identifying U.S. Design Patent No. D1,068,623S in product listing images and marketing materials associated with Plaintiff's commercial embodiment of the patented design. Despite such notice, and despite the public availability of the '623 Patent, Defendants have continued to advertise, offer for sale, sell, and/or import products embodying the patented design. Accordingly, Plaintiff is entitled to seek enhanced damages under 35 U.S.C. § 284 and a finding that this case is exceptional under 35 U.S.C. § 285*

**ANSWER:** Denied. The Answering Defendants deny that they have infringed at all, and specifically deny that any conduct was willful, deliberate, or intentional. The Answering Defendants lack knowledge or information sufficient to form a belief as to Plaintiff's marking or marketing practices, and on that basis deny those allegations.

41.     *Complaint ¶ 41: Plaintiff is entitled to preliminary and permanent injunctive relief under 35 U.S.C. § 283 to prevent Defendants and all persons acting in concert with them from continuing to infringe the '623 Patent.*

**ANSWER:** Denied.

### RESPONSE TO PRAYER FOR RELIEF

The Answering Defendants deny that Plaintiff is entitled to any of the relief requested in Paragraphs A through J of the Complaint's Prayer for Relief, or to any

16

relief whatsoever, and respectfully request that the Complaint be dismissed with prejudice, that judgment be entered in the Answering Defendants' favor, and that the Court award the Answering Defendants their costs and reasonable attorneys' fees, including under 35 U.S.C. § 285.

## AFFIRMATIVE AND ADDITIONAL DEFENSES

Without assuming any burden of proof that would otherwise rest on Plaintiff, and reserving the right to amend or supplement as discovery proceeds, the Answering Defendants assert the following defenses.

### First Defense — Failure to State a Claim

The Complaint fails to state a claim upon which relief can be granted. Among other things, the Complaint pleads infringement in conclusory terms and disregards that the accused connector interface is dictated by the standardized OBD-II / SAE J1962 vehicle port and is therefore functional.

### Second Defense — Non-Infringement

The Answering Defendants have not infringed and do not infringe the '623 Patent, literally or otherwise. When the claimed design is properly construed to give little or no weight to features dictated by function — including the OBD-II plug geometry required to mate with GM vehicles — the accused products are not substantially the same as the claimed design in the eye of an ordinary observer familiar with the prior art. The accused products differ in overall visual impression, including housing shape and proportion, surface ornamentation, graphics, and indicators.

### Third Defense — Invalidity

The '623 Patent is invalid for failure to comply with one or more requirements of Title 35, United States Code, including 35 U.S.C. §§ 102, 103, 112, and 171. In particular,

18

the claimed design would have been obvious under 35 U.S.C. § 103 in view of the prior art, including references cited on the face of the '623 Patent, and is invalid under 35 U.S.C. § 171 to the extent the claimed appearance is dictated by function and is not a matter of ornamental concern.

## Fourth Defense — Functionality / Lack of Ornamentality

The features on which Plaintiff relies for its infringement theory — particularly the connector/plug interface — are dictated solely by function. A connector that plugs into a vehicle's OBD-II port must conform to the standardized keyed geometry of that port; there is no ornamental latitude in that mating interface. Under Best Lock Corp. v. Ilco Unican Corp., 94 F.3d 1563 (Fed. Cir. 1996), Sport Dimension, Inc. v. Coleman Co., 820 F.3d 1316 (Fed. Cir. 2016), and Ethicon Endo-Surgery, Inc. v. Covidien, Inc., 796 F.3d 1312 (Fed. Cir. 2015), such functional features cannot support design-patent protection and must be given little or no weight.

## Fifth Defense — Unenforceability (Inequitable Conduct)

The '623 Patent is unenforceable due to inequitable conduct committed during prosecution, as set forth in Counterclaim Count III below, which is incorporated herein by reference.

## Sixth Defense — Prosecution History Estoppel / Disclaimer

Plaintiff's infringement theory is barred, in whole or in part, by the drawings and description of the '623 Patent, including the broken-line disclaimer stating that the

broken lines form no part of the claimed design, and by the scope of the single claim as shown and described.

**Seventh Defense — No Irreparable Harm / Adequate Remedy at Law**

Plaintiff cannot establish irreparable harm or the absence of an adequate remedy at law. Plaintiff's own declaration testimony describes only monetary categories of alleged harm (diverted sales and diminished value), which are compensable by damages, and Plaintiff submitted no evidence of its sales, market share, or price erosion.

**Eighth Defense — Failure to Mitigate; Equitable Bars**

Plaintiff's claims are barred or limited by the equitable doctrines of unclean hands, waiver, estoppel, and/or acquiescence, and by Plaintiff's failure to mitigate any alleged damages.

**Ninth Defense — Limitation on Damages (35 U.S.C. § 287)**

Plaintiff's recovery of damages is limited or barred by 35 U.S.C. § 287 to the extent Plaintiff or its licensees failed to mark products embodying the claimed design and failed to provide actual notice prior to suit.

**Tenth Defense — Misjoinder**

The Answering Defendants are improperly joined with unrelated defendants under Federal Rule of Civil Procedure 20 and 35 U.S.C. § 299, because the claims do not arise out of the same transaction, occurrence, or series of transactions or occurrences,

20

and mere sale of similar off-the-shelf OBD-II devices does not establish a common transactional nexus.

**Eleventh Defense — Reservation of Rights**

The Answering Defendants reserve the right to assert additional defenses that become known through discovery, including defenses under Federal Rule of Civil Procedure 8(c).

## COUNTERCLAIMS

Counterclaim-Plaintiffs Huizhou Jinghui Decoration Design Engineering Co., Ltd. (d/b/a Pooperws US and AutoGear Pro) and Shenzhen Xuncheng Squirrel Trading Co., Ltd. (d/b/a Squirrel Auto Parts Station) (collectively, "Counterclaim-Plaintiffs"), for their counterclaims against Counterclaim-Defendant Shenzhen Ruisike Industrial Development Co., Ltd. ("Ruisike"), allege as follows.

## THE PARTIES, JURISDICTION, AND VENUE

1. Counterclaim-Plaintiff Huizhou Jinghui Decoration Design Engineering Co., Ltd. is a company organized under the laws of the People's Republic of China that sells automotive electronic accessories through online marketplaces under the storefront names "Pooperws US" (Amazon) and "AutoGear Pro." (Tiktok)

2. Counterclaim-Plaintiff Shenzhen Xuncheng Squirrel Trading Co., Ltd. is a company organized under the laws of the People's Republic of China that sells automotive electronic accessories through online marketplaces under the storefront name "Squirrel Auto Parts Station."

3. On information and belief, Counterclaim-Defendant Ruisike is a Chinese limited company with its principal place of business in Shenzhen, Guangdong, China, and is the named assignee of the '623 Patent.

22

4.     These counterclaims arise under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, and the Patent Act, 35 U.S.C. § 1 et seq. This Court has subject-matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

5.     An actual, substantial, and continuing justiciable controversy exists between the parties concerning the infringement, validity, and enforceability of the '623 Patent. Ruisike has asserted the '623 Patent against Counterclaim-Plaintiffs in this action and has obtained *ex parte* relief on the basis of that assertion.

6.     This Court has personal jurisdiction over Ruisike, and venue is proper, because Ruisike availed itself of this forum by filing this action and asserting the '623 Patent here.

## FACTUAL BACKGROUND

7.     The '623 Patent, entitled "Connector for Automobile," issued on April 1, 2025 from Application No. 29/980,869, filed December 27, 2024, and names Xianming Peng as the sole inventor. A copy of the '623 Patent is attached to the Complaint as Exhibit A.

8.     The '623 Patent claims a single ornamental design "for a connector for automobile, as shown and described," and its drawings depict a device comprising an upper housing and a lower connector/plug portion.

9.     The accused products are AFM/DFM (Active Fuel Management / Dynamic Fuel Management) disabler devices that plug into a vehicle's on-board

diagnostic (OBD-II) port, standardized under SAE J1962, to disable cylinder-deactivation functionality on GM vehicles.

10. The lower connector/plug portion of the device depicted in the '623 Patent, including the mating face shown in Figure 8, is configured to engage the standardized OBD-II / GM vehicle port. Its shape and configuration are dictated by the requirement that the device physically and electrically mate with that standardized port, and not by ornamental considerations.

11. During prosecution, the Examiner cited numerous prior-art references directed to automotive and electrical connectors, including U.S. Design Patent Nos. D467,962, D843,951, D866,446, and D949,725, U.S. Patent Application Publication No. 2021/0136898 A1, and non-patent literature including the "uxcell Car Sealed Electrical 8 Pin" connector, the "Aptiv (Delphi) Weatherpack" connector kit, and related Amazon listings, as reflected on the face of the '623 Patent.

12. On December 27, 2024, in connection with the application that issued as the '623 Patent, a "Declaration of Micro-Entity Status" was filed with the USPTO, signed by Xianming Peng on behalf of "Shenzhen Ruisike Industrial Development Co., Ltd." A true and correct copy of the Declaration of Micro-Entity Status is attached hereto as **Exhibit A**.

13. The Declaration of Micro-Entity Status certified, among other things, that the applicant qualified as a small entity; that neither the applicant nor any inventor had been named on more than four previously filed patent applications; that

24

the gross income of the applicant and all inventors did not exceed the applicable micro-entity income limit (three times the median household income, stated as US$223,740); and that no license or ownership interest had been or was obligated to be conveyed to an entity exceeding that income limit. See **Exhibit A**.

14. The '623 Patent issued to Ruisike as a corporate assignee. The application was assigned to Ruisike by inventor Xianming Peng by an assignment executed December 25, 2024 and recorded with the USPTO on December 27, 2024 (Reel/Frame 508941537), a true and correct copy of the Patent Assignment Cover Sheet being attached hereto as **Exhibit B**, and a true and correct copy of the Combined Declaration and Assignment being attached hereto as **Exhibit C**.

15. The USPTO issued a Notice of Allowance and Fee(s) Due mailed February 11, 2025, which identifies the applicant's "ENTITY STATUS" as "MICRO" and assesses a reduced issue fee of $260 on that basis. A true and correct copy of the Notice of Allowance and Fee(s) Due is attached hereto as **Exhibit D**.

16. The Issue Classification / allowance record signed by the Examiner on February 3, 2025 confirms that the application was allowed and prosecuted as a micro-entity matter. A true and correct copy is attached hereto as **Exhibit E**.

17. The Fee(s) Transmittal (PTOL-85 Part B) filed in connection with the '623 Patent identifies the applicant's Entity Status as "MICRO" and lists a design-patent issue fee of $260 — the micro-entity rate. The $260 fee was paid on February

25

26, 2025, as confirmed by the USPTO Electronic Payment Receipt. A true and correct copy is attached hereto as Exhibit F.

18. On information and belief, the micro-entity certification was false or improper when made and/or was not corrected, because Ruisike — the applicant and assignee — did not qualify for micro-entity status under 37 C.F.R. §§ 1.29 and 1.32 and 35 U.S.C. § 123, and because Ruisike represents in this litigation and in its verified pleadings that it is a substantial commercial enterprise engaged in the development, marketing, promotion, and sale of products embodying the claimed design across U.S. online marketplaces.

19. Counterclaim-Defendant Ruisike's own commercial embodiment of the claimed design — the ROPODE-branded AFM/DFM disabler sold on Amazon.com under ASIN B0CTJNM7XQ — is offered at a retail price of approximately $65.69 per unit, is designated a **"#1 Best Seller"** in its category, reflects more than 2,325 customer reviews, and, according to the listing, was purchased more than **8,000** times in a single recent month. Based on prevailing e-commerce review-to-purchase ratios, the volume of reviews and sales reflected in Ruisike's own listing corresponds to gross revenues from this single product that, on information and belief, substantially exceed the micro-entity gross-income limitation of three times the median household income (stated in the Declaration of Micro-Entity Status as US$223,740). On information and belief, Ruisike's total gross income, including from this and other products, exceeded the applicable micro-entity limitation at the time the micro-entity certification was made and at the time the issue fee was paid.

20. On information and belief, Xianming Peng — who signed the Declaration of Micro-Entity Status, executed the assignment to Ruisike, and verified the Complaint as Ruisike's CEO — knew or should have known that the applicant/assignee did not satisfy the micro-entity eligibility requirements, including the requirement that no ownership interest be conveyed to an entity exceeding the income limitation.

## COUNTERCLAIM COUNT I

## DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF THE '623 PATENT

21. Counterclaim-Plaintiffs re-allege and incorporate the foregoing paragraphs as if fully set forth herein.

22. An actual controversy exists as to whether Counterclaim-Plaintiffs' products infringe the '623 Patent.

23. Counterclaim-Plaintiffs' products do not infringe the '623 Patent. When the claimed design is properly construed to give little or no weight to functional features — including the OBD-II / SAE J1962 plug interface dictated by the vehicle port — the accused products are not substantially the same as the claimed design in the eye of an ordinary observer familiar with the prior art, and differ in overall visual impression, including housing shape, proportion, surface ornamentation, printed graphics, and indicator features.

24.    Counterclaim-Plaintiffs are entitled to a declaratory judgment under 28 U.S.C. §§ 2201 and 2202 that they do not infringe, and have not infringed, any claim of the '623 Patent.

## COUNTERCLAIM COUNT II

## DECLARATORY JUDGMENT OF INVALIDITY OF THE '623 PATENT

25.    Counterclaim-Plaintiffs re-allege and incorporate the foregoing paragraphs as if fully set forth herein.

26.    An actual controversy exists as to the validity of the '623 Patent.

27.    The '623 Patent is invalid under 35 U.S.C. § 103 because the claimed design would have been obvious to a designer of ordinary skill at the time of the alleged invention. The prior art — as shown below — discloses a primary reference having basically the same overall visual appearance as the claimed design, and any differences would have been obvious in view of the remaining references. Counterclaim-Plaintiffs reserve the right to identify additional prior art, including primary and secondary references, during discovery and pursuant to the Court's scheduling and local patent practice.



28. The '623 Patent is further invalid under 35 U.S.C. § 171 because, to the extent the claimed appearance is dictated by function — including the connector/plug interface required to mate with the standardized OBD-II / GM vehicle port — that subject matter is not "ornamental" and cannot support a design patent. *See Best Lock Corp. v. Ilco Unican Corp.*, 94 F.3d 1563 (Fed. Cir. 1996).

29. Counterclaim-Plaintiffs are entitled to a declaratory judgment under 28 U.S.C. §§ 2201 and 2202 that the '623 Patent is invalid.

## COUNTERCLAIM COUNT III

## DECLARATORY JUDGMENT OF UNENFORCEABILITY — INEQUITABLE CONDUCT

30. Counterclaim-Plaintiffs re-allege and incorporate the foregoing paragraphs as if fully set forth herein.

31. An actual controversy exists as to whether the '623 Patent is enforceable.

29

32. On December 27, 2024, Xianming Peng, on behalf of applicant/assignee Ruisike, signed and caused to be filed a Declaration of Micro-Entity Status (Exhibit 1) certifying eligibility for micro-entity status under 35 U.S.C. § 123 and 37 C.F.R. §§ 1.29 and 1.32.

33. The representations of micro-entity eligibility were material to the USPTO. In reliance on the micro-entity certification, the USPTO charged reduced fees, including the reduced $260 issue fee reflected in the Notice of Allowance (Exhibit 4), and processed the application on a micro-entity basis (Exhibit 5).

34. On information and belief, the micro-entity certification was false because the applicant/assignee did not qualify as a micro-entity, including because Ruisike is a commercial enterprise and because an ownership interest in the invention was assigned to Ruisike (Exhibits 2 and 3), an entity that on information and belief exceeded the applicable gross-income limitation, and/or because the applicant otherwise failed to satisfy the eligibility criteria of 37 C.F.R. § 1.29.

35. On information and belief, Xianming Peng and/or others substantively involved in the prosecution of the '623 Patent made the false micro-entity certification, or failed to correct it, with the specific intent to deceive the USPTO in order to obtain reduced fees to which the applicant was not entitled.

36. The improper payment of fees in the micro-entity amount, when a larger amount was due, and the making of a false certification of micro-entity status with deceptive intent, render the '623 Patent unenforceable. Counterclaim-Plaintiffs plead

30

this count with particularity to the extent required by Federal Rule of Civil Procedure 9(b) and reserve the right to amend and supplement following discovery into the circumstances of the certification and Ruisike's income and entity status.

37.   Counterclaim-Plaintiffs are entitled to a declaratory judgment under 28 U.S.C. §§ 2201 and 2202 that the '623 Patent is unenforceable, and that this is an exceptional case under 35 U.S.C. § 285.

## PRAYER FOR RELIEF

WHEREFORE, the Answering Defendants and Counterclaim-Plaintiffs respectfully request that the Court:

A. Dismiss the Complaint with prejudice and enter judgment that Plaintiff take nothing;

B. Declare that Counterclaim-Plaintiffs have not infringed and do not infringe any claim of the '623 Patent;

C. Declare that the '623 Patent is invalid;

D. Declare that the '623 Patent is unenforceable;

E. Dissolve or modify any temporary or preliminary injunctive relief and asset restraint entered against the Answering Defendants, and order the release of any restrained funds;

F. Declare that this is an exceptional case under 35 U.S.C. § 285 and award Counterclaim-Plaintiffs their reasonable attorneys' fees and costs; and

G. Award such other and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38(b), the Answering Defendants and Counterclaim-Plaintiffs demand a trial by jury on all issues so triable.

Dated: July 12, 2026

Respectfully submitted,

/s/ Ruoting Men
Ruoting Men
GLACIER LAW LLP
506 Second Ave, Suite 1516
Seattle, WA 98104
Ruoting.men@glacier.law
212-729-5049

Tao Liu
Wei Wang
GLACIER LAW LLP
41 Madison Ave, Suite 2529
New York, NY 10010

*Counsel for Defendants No. 1, 4, 11*