**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| SHENZHEN RUISIKE INDUSTRIAL DEVELOPMENT CO., LTD<br><br>*Plaintiff,*<br><br>v.<br><br>THE INDIVIDUALS, CORPORATIONS LIMITED LIABILITY COMPANIES, PARTNERSHIPS, and UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE "A",<br>*Defendant.* | **Case No. 1:26-cv-07544**<br><br>**Judge John F. Kness**<br><br>**Mag. Judge Daniel P. McLaughlin** |

**DEFENDANTS' MOTION FOR LEAVE TO TAKE EXPEDITED DISCOVERY IN SUPPORT OF DEFENDANTS' OPPOSITION, AND FOR AN EVIDENTIARY HEARING**

Defendants Huizhou Jinghui Decoration Design Engineering Co., Ltd. (d/b/a "Pooperws US" and "AutoGear Pro") and Shenzhen Xuncheng Squirrel Trading Co., Ltd. (d/b/a "Squirrel Auto Parts Station") (collectively, "Defendants"), by and through their undersigned counsel, respectfully move this Court, pursuant to Federal Rules of Civil Procedure 16, 26(d), 30, 34, 45, and 65, for entry of an order (1) granting Defendants leave to take limited, expedited discovery from Plaintiff Shenzhen Ruisike Industrial Development Co., Ltd. ("Plaintiff"); and (2) setting a schedule under which Defendants may file an opposition to the Motion after that discovery is complete, and setting the Motion for an evidentiary hearing at which Plaintiff's declarant may be examined. In support, Defendants state as follows.

1

## INTRODUCTION

This is a Schedule A design-patent case in which Plaintiff has moved, *ex parte,* for a temporary restraining order, a temporary asset restraint, and one-directional expedited discovery against more than a dozen unrelated online storefronts, on the strength of a ten-page memorandum and a single, conclusory declaration from Plaintiff's CEO. The Court has not yet ruled on that Motion and has set it for hearing on July 14, 2026. The Court also directed the Plaintiff to its Order in *Eicher Motors Limited v. The Individuals, Corporations, Limited Liability Companies, Partnerships, and Unincorporated Associations Identified on Schedule A Hereto*, 794 F. Supp. 3d 543 (N.D. Ill. 2025).  Dkt. No. 11.

The premise of Plaintiff's *ex parte* application was urgency: that relief had to issue *without notice* under Federal Rule of Civil Procedure 65(b)(1) because Defendants could not be heard in time. That premise no longer holds. Defendants have appeared through counsel, filed the required disclosures, answered the Verified Complaint and asserted meritorious counterclaims (including a claim for fraud on the Patent Office). And Defendant's counsel will be in chambers tomorrow to oppose the requested *ex parte* relief and discuss whether and how this case will proceed.

There is now no basis to resolve Plaintiff's request for extraordinary relief on a one-sided, *ex parte* record. Having appeared, Defendants are entitled to notice and a meaningful opportunity to be heard before any restraint issues.

To exercise that right, Defendants need limited, reciprocal discovery on the three issues on which Plaintiff's *ex parte* showing is conspicuously thin and on which any restraint will turn — (1) irreparable harm, (2) Plaintiff's eligibility for the micro-entity status it certified to the USPTO (i.e., the basis for Defendant's inequitable conduct claim, and (3) the design-development and prosecution record bearing on validity and enforceability. Plaintiff's declaration offers no sales figures, no financial data, and no evidence of the "substantial" investment or irreparable harm it claims. Defendants therefore ask the Court to permit narrow discovery, and to set a schedule under which Defendants may oppose the Motion once the discovery is complete. Defendants are prepared to act quickly, the discovery is proportional, and Plaintiff — which has operated without any restraint on Defendants since it filed suit — will suffer no cognizable prejudice from a brief, orderly process.

## RELEVANT BACKGROUND

1. Plaintiff filed its Verified Complaint on June 29, 2026, asserting a single claim of U.S. Design Patent No. D1,068,623 S (the "'623 Patent"), entitled "Connector for Automobile," against numerous unrelated online storefronts identified on a sealed Schedule A.

2. The same day, Plaintiff moved *ex parte* for a temporary restraining order, a temporary asset restraint, and expedited discovery (the "Motion"). The Motion seeks, among other things, to restrain Defendants' accused listings and funds and to authorize *Plaintiff* alone to serve expedited discovery on Defendants and third parties. The Court has not yet ruled on the Motion.

3. The Court set the Motion for hearing on July 14, 2026. Rather than allow the requested relief to issue unopposed, Defendants appeared through counsel, filed a Local Rule 3.2 notification and a status report, and answered the Verified Complaint and asserted counterclaims for declaratory judgment of non-infringement, invalidity, and unenforceability. Defendants intend to oppose the Motion on the merits at the appropriate time.

4. Plaintiff's entire irreparable-harm showing rests on a single declaration of its CEO, Xianming Peng. That declaration asserts, in conclusory terms, that Plaintiff has "invested substantial time, effort, and resources" in its product (Peng Decl. ¶ 5) and that Defendants' sales harm Plaintiff "by diverting sales, diminishing the value of Plaintiff's patent rights, impairing Plaintiff's goodwill, and interfering with Plaintiff's ability to control the market" (Peng Decl. ¶ 8). The declaration provides no sales figures, no revenue or market-share data, no evidence of price erosion, and no facts substantiating the claimed investment or harm.

5. Separately, the prosecution history of the '623 Patent reflects that Plaintiff obtained the patent by certifying *micro-entity* status — a status limited to applicants whose gross income does not exceed three times the median household income and that have not conveyed an ownership interest to an entity exceeding that limit. Plaintiff's own representations in this case that it is a substantial commercial enterprise selling the patented design across U.S. marketplaces call the micro-entity certification into serious question.

## LEGAL STANDARD

A temporary restraining order without notice is an extraordinary remedy available only upon the showings required by Federal Rule of Civil Procedure 65(b)(1), including specific facts in a verified complaint or affidavit that clearly show immediate and irreparable injury before the adverse party can be heard, and a written certification explaining why notice should not be required. Fed. R. Civ. P. 65(b)(1). *See Eicher Motors*, 794 F. Supp. 3d at 548-49.; *TV Tokyo Corp. v. Individuals, Corps., Ltd. Liab. Cos.,* No. 25 C 246, 2025 WL 860188, at *2 (N.D. Ill. Mar. 19, 2025). Once a defendant has notice of the TRO motion and an opportunity to respond, the request is no longer proceeding without notice; the standards applicable to preliminary-injunction relief also apply to the TRO request. *SouthernCare, Inc. v. Bristol Hospice - Indiana, LLC*, No. 4:25-cv-00150-TWP-KMB, 2025 WL 3725592, at *4 (S.D. Ind. Aug. 20, 2025). The Court retains discretion to structure the resulting schedule and submissions. See Fed. R. Civ. P. 16(b)-(c).

The Court may authorize discovery before the Rule 26(f) conference by court order. Fed. R. Civ. P. 26(d)(1). A party seeking such discovery must establish good cause, a showing that will often be satisfied by a pending preliminary-injunction request. *RC Trailers, Inc. v. Darkhorse Cargo, Inc.*, No. 3:19-CV-973, 2019 WL 13218401, at *1 (N.D. Ind. Dec. 6, 2019) (q*uoting Roche Diagnostics Corp. v. Med. Automation Sys., Inc.*, No. 1:10-cv-01718, 2011 WL 130098, at *3 (S.D. Ind. Jan. 14, 2011)). Courts may consider the requested discovery's relationship to a pending preliminary injunction, its breadth and purpose, the burden of compliance, and how

far it departs from ordinary discovery timing. *Ibarra v. City of Chicago*, 816 F. Supp. 2d 541, 554 (N.D. Ill. 2011). And where the record does not justify the requested broader *ex parte* relief, a court may instead grant tailored preservation measures and expedited discovery to develop the facts. *See Comcast of Ill. X, LLC v. Till,* 293 F. Supp. 2d 936, 939-41 (E.D. Wis. 2003).

## ARGUMENT

### I.    The Court Should Not Decide the Motion *Ex Parte.*

Plaintiff sought its restraint *ex parte* on the theory that Defendants could not be heard in time. Defendants have now appeared, disclosed their affiliates, and answered. The sole justification for proceeding without notice — the impossibility of hearing the adverse party — no longer exists. See Fed. R. Civ. P. 65(b)(1)(A); *SouthernCare*, 2025 WL 3725592, at *4 (once a defendant "has notice … and an opportunity to respond," the *ex parte* TRO standard does not apply). Deciding Plaintiff's Motion on July 14 on the current one-sided record would deny Defendants the notice and opportunity to be heard to which they are entitled now that they have appeared, and would rest a restraint of Defendants' businesses and funds on an untested attorney memorandum and a conclusory declaration. A window for Defendants to conduct targeted discovery and file a fulsome opposition to the Motion would allow the Court to decide the Motion on a complete record. Plaintiff cannot claim urgency sufficient to defeat this request: it has litigated for weeks without any restraint against Defendants in place, and a brief, orderly process changes nothing about the status quo it has tolerated since filing.

6

**II.     Good Cause Supports Expedited Discovery on Irreparable Harm.**

Irreparable harm is a necessary prerequisite to preliminary injunctive relief. In the patent context, a finding of infringement does not dispense with the traditional equitable showing required for an injunction; the movant must establish both irreparable injury and the inadequacy of legal remedies. *eBay Inc. v. MercExchange, L.L.C.*, 547 U.S. 388, 391–93 (2006). This Court has recognized that "Schedule A cases rarely, if ever, meet this requirement." *Eicher Motors*, 794 F. Supp. 3d at 549-50. Plaintiff has shown that this case is in the recognized minority. Plaintiff has shown that this case is in the recognized minority. Its declaration identifies diverted sales, diminished patent value, and lost market control, but supplies no concrete evidence quantifying those asserted injuries or explaining why money damages would be inadequate to remedy them. To the extent Plaintiff relies on alleged lost sales or economic injury, those assertions are compensable through damages. And the declaration does not identify a supported, non-speculative basis for concluding that any asserted harm cannot be remedied at law.

*Comcast* illustrates the need for a developed factual record before broader *ex parte* relief is imposed. There, the court held that the movant had not presented sufficient evidence of irreparable harm to justify immediately restraining the defendant's sales before a contested hearing. Although the court authorized narrower preservation measures and expedited discovery, it declined the requested broader *ex parte* relief. *Comcast*, 293 F. Supp. 2d at 939–41. Defendants therefore respectfully request an opportunity for limited expedited discovery directed to the factual basis

for Plaintiff's claimed harm—including sales, revenue, pricing, market-share, and other data bearing on causation, quantification, and the adequacy of money damages—before the Court resolves Plaintiff's request for injunctive relief.

### III. Good Cause Supports Discovery on Plaintiff's Micro-Entity Certification.

Plaintiff placed its own financial standing at issue by certifying micro-entity status to obtain the '623 Patent at reduced fees, and by now asserting that it is a substantial enterprise deserving of injunctive protection. Those positions cannot both be true. Indeed, Plaintiff's own marketplace storefront publicly displays sales exceeding 8,000 units of the patented product in the past month alone, at a listed unit price of $65 — revenue of more than $520,000 in a single month, which by itself would far surpass the gross-income ceiling for micro-entity status.



Discovery into Plaintiff's gross income, entity status, ownership and licensing arrangements, and the circumstances of the micro-entity certification is directly relevant to Defendants' pleaded defense and counterclaim of unenforceability for

inequitable conduct, and bears on Plaintiff's credibility and its irreparable-harm narrative. The same evidence — Plaintiff's scale of sales and revenue — is probative of both issues.

## IV. Good Cause Supports Discovery of the Design and Prosecution Files.

The '623 Patent claims an ornamental design that, as to its connector/plug interface, is dictated by the standardized OBD-II vehicle port. Defendants' invalidity and non-infringement defenses depend on the design-development materials, the scope of the claimed design, and the prior art known to Plaintiff. Plaintiff's design files, communications with its designers and prosecution counsel, and documents concerning the references cited during prosecution are relevant and appropriately produced now so that the parties and the Court can evaluate Plaintiff's likelihood of success before Defendants must respond.



| Plaintiff's Patent & Product | Defendant Product 1 | Defendant Product 2 |
|---|---|---|
| | | |
| | | |

Indeed, as the foregoing photographs illustrate, even a preliminary side-by-side visual comparison of the patented design and Defendants' accused products reveals readily apparent differences in overall appearance. Given the crowded field of prior art for automotive connectors, those visible differences take on heightened significance: where numerous prior-art designs occupy the same space, the scope of the claimed design narrows, and differences that might otherwise appear minor may place an accused product outside the patent's protection. *See Egyptian Goddess, Inc.*

*v. Swisa, Inc.*, 543 F.3d 665, 678 (Fed. Cir. 2008) (en banc). Plaintiff's design and prosecution files are therefore critical to a meaningful infringement analysis, as they will reveal the prior art Plaintiff identified and distinguished, the scope of protection Plaintiff sought and obtained, and whether the observable differences between the claimed and accused designs are sufficient to preclude a finding of infringement.

## V.      The Requested Schedule Is Necessary for Expert Analysis and Will Not Prejudice Plaintiff.

Defendants cannot fairly oppose Plaintiff's Motion until they have the discovery described above. Defendants also intend to retain and rely on expert testimony — including a design expert on the ordinary-observer comparison and functionality, and, if warranted, a damages or industry expert on the absence of irreparable harm — and any such opinion depends on the very materials sought here. The *Ibarra* factors confirm that the request is reasonable: a request for extraordinary relief is pending; the discovery is narrowly confined to three issues Plaintiff itself injected; its purpose is to permit a fair adjudication rather than delay; the burden on Plaintiff is modest, as the materials are its own; and the request is made at the threshold of the case, before the ordinary discovery period, precisely as the Rule contemplates. *See Ibarra*, 816 F. Supp. 2d at 554; *RC Trailers*, 2019 WL 13218401, at *1–*2. Defendants therefore respectfully request that the Court set a schedule under which the requested discovery is completed first and Defendants' opposition, supported by any expert declarations, is due a reasonable period thereafter. Plaintiff will suffer no prejudice: no restraint against Defendants is in place, and an

appropriate briefing schedule will ensure that any relief is decided on a complete, tested record rather than a one-sided one which is of the type of this Court has expressed skepticism over, *Eicher Motors*, 794 F. Supp. 3d 54, 550).

For the same reasons, **the Court should set Plaintiff's Motion for an evidentiary hearing** rather than resolve it on the paper record alone. Plaintiff seeks to restrain Defendants' businesses and funds based on a single declaration whose central assertions—that Plaintiff has made a "substantial" investment and will suffer irreparable harm—are conclusory, unsupported by any documents or figures, and squarely disputed. Where the facts material to injunctive relief are genuinely in dispute, those disputes should be resolved through live testimony subject to cross-examination, not accepted on an untested affidavit. An evidentiary hearing is particularly warranted here, where the same declarant, Xianming Peng, signed the micro-entity certification, executed the assignment of the '623 Patent, and verified the Complaint, and where his credibility and the factual basis for his statements are directly at issue. Defendants respectfully request that, following the limited discovery described above, the Court hold an evidentiary hearing at which Mr. Peng and any other declarant may be examined before the Court rules on the Motion.

## REQUESTED EXPEDITED DISCOVERY

Defendants request leave to serve and take the following limited discovery on an expedited basis:

A. **Documents — Irreparable Harm.** Requests for production directed to Plaintiff's sales, units sold, revenue, profits, pricing history, market share, advertising and development expenditures, and any documents supporting the assertions in Paragraphs 5 and 8 of the Peng Declaration, for the products Plaintiff contends embody the '623 Patent.

B. **Documents — Micro-Entity and Financial Status.** Requests for production directed to Plaintiff's gross income for the relevant period, its entity size and status, ownership and licensing arrangements concerning the '623 Patent, and all documents and communications concerning the micro-entity certification filed with the USPTO.

C. **Documents — Design and Prosecution.** Requests for production directed to the design-development records for the claimed design, communications with the named inventor, designers, and prosecution counsel, and documents concerning the prior-art references identified during prosecution of the '623 Patent.

D. **Rule 30(b)(6) Deposition.** A deposition of Plaintiff under Federal Rule of Civil Procedure 30(b)(6), and/or of declarant Xianming Peng, on the subjects of irreparable harm, Plaintiff's sales and finances, the micro-entity certification, and the development and ownership of the claimed design, to proceed after Plaintiff's production and by remote means if appropriate.

Defendants propose that the Court continue its ruling on the Motion; that Plaintiff respond to the written discovery within fourteen (14) days of service; that

13

the Rule 30(b)(6) deposition proceed within fourteen (14) days thereafter; and that Defendants' opposition to the Motion be due twenty-one (21) days after the deposition is completed, with any hearing reset accordingly. Defendants are prepared to reciprocate on a like schedule and to meet and confer on a reasonable protective order to govern the exchange of confidential financial information.

## LOCAL RULE 37.2 CERTIFICATION

Pursuant to Local Rule 37.2, undersigned counsel certifies that the parties conferred in good faith in an effort to resolve the subject matter of this motion without court action. Counsel for Defendants and counsel for Plaintiff conferred by telephone on July 13, 2026. The participants were Mr. Ruoting Men, on behalf of Defendants, and Mr. Alexander Warden, on behalf of Plaintiff. The parties were unable to reach an accord because Plaintiff opposes the requested expedited discovery. The parties' good-faith consultation having been unsuccessful in resolving their differences, Defendants bring this motion.

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court (1) grant Defendants leave to take the limited, expedited discovery described above; and (2) set a schedule under which that discovery is completed before Defendants' opposition to the Motion is due. A proposed order is submitted herewith.

Dated: July 13, 2026

14

Respectfully submitted,

/s/ Ruoting Men
Ruoting Men
GLACIER LAW LLP
506 Second Ave, Suite 1516
Seattle, WA 98104
Ruoting.men@glacier.law
212-729-5049

Tao Liu
Wei Wang
GLACIER LAW LLP
41 Madison Ave, Suite 2529
New York, NY 10010

*Counsel for Defendants No. 1, 4, 11*

## CERTIFICATE OF SERVICE

I hereby certify that on July 13, 2026, I electronically filed the foregoing with the

Clerk of the Court using the CM/ECF system, which will send notification of such

filing to all counsel of record.

/s/ Ruoting Men
Ruoting Men

15